IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DALIA VALENCIA, | § | |
|     Petitioners, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-821-O |
| | § | |
| MICHAEL CARR, Warden,[1] | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a pleading entitled "Complaint for Declaratory and Injunctive Relief and Petition for Emergency Amended Judgment and Petition for Writ of Habeas Corpus under the Extraordinary Dangerous Nature of the COVID-19 Outbreak Among Federal Prison Population" filed by Petitioner, Dalia Valencia, against Michael Carr, warden of FMC-Carswell, Respondent. The pleading has been docketed and opened as a petition for writ of habeas corpus under 28 U.S.C. § 2241. After having considered the petition and the relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner is confined pursuant to her convictions in the United States District Court for the Western District of Texas for conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity and theft of government property. J., *United States v. Valencia*, Case Number EP:15-CR-00228-DB(10), ECF No. 1012. Her projected release date is July 4, 2028. *See* U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS/INMATE LOCATOR, http://www.bop.gov

---

[1] Petitioner also names Michael Carvajal, in his capacity as director of the Bureau of Prisons, as a party respondent, however the clerk of Court is directed to REMOVE him. In a habeas proceeding brought by a prisoner, generally there is only one proper respondent, the immediate physical custodian of the prisoner. *Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004).

(last visited August 7, 2020). In this petition, she seeks a compassionate release to home confinement under the CARES Act due to her underlying medical conditions and the outbreak of COVID-19 at the prison, under "28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 of the Administrative Procedure Act, 28 U.S.C. § 2241 (habeas corpus), . . . Article 1, § 9, cl. 2 of the U.S. Constitution (Suspension Clause) . . . [and] the Declaratory Judgment Act, 28 U.S.C. 2201." Pet. 2, 7, ECF No. 1.

Petitioner complains of the conditions at the prison and Respondent's failure "to conduct testing in time for isolation to be effective, provide adequate personal protective equipment ("PPE"), properly treat and monitor those who are sick, and most importantly, reduce the prison population to allow for adequate social distancing and sufficient access to medical care." *Id.* at 5-30. She claims that Respondent's actions and inactions constitute "deliberate indifference [and] amounts to cruel and unusual punishment prohibited by the Eighth Amendment." *Id.* She raises two grounds for habeas relief:

(1) Respondent's failure to take steps to mitigate transmission of COVID-19, which constitutes deliberate indifference to her serious medical needs; and

(2) overcrowding, which prevents her from implementing recommended measures required to protect her health in violation of the Eighth Amendment.

*Id.* at 22-26. She requests that the Court:

(1) "declare that [Respondent]'s custody of [her] violates the Eighth Amendment right against cruel and unusual punishment";

(2) "order a highly expedited process—for completion within no more than 48 hours—for [Respondent] to use procedures available under the law to review her enlargement of custody to home confinement (or bail pending habeas corpus) in order to reduce the density of the prison population to a number that allows for the implementation of appropriate measures to prevent the

2

        spread of COVID-19";

  (3)     order Respondent "to comply with the Constitution in threating [sic] [Petitioner's] custody"; and

  (4)     grant a writ of habeas corpus "that she receives temporary enlargement within one day of the Court's order and release her within twenty-four hours."

*Id.* at 30-31.

## II. DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

Generally, in this circuit, habeas relief is not available to review questions unrelated to the cause of a prisoner's detention and a court has no power to entertain the kind of injunctive relief sought by Petitioner. *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). The "sole function" of habeas is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. *Id.* Where a prisoner challenges the conditions of his or her confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his or her accelerated release from custody. *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997).

Petitioner does not challenge the validity of her sentences or convictions or the BOP's

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

    A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

3

administrative calculation of her release date, which is the traditional "essence" of habeas corpus. *See Preiser,* 411 U.S. at 484, 498-500. It is the nature of the substantive legal claim itself and the pertinent factual allegations—in addition to the relief sought—that determines whether the claim challenges "the validity of confinement" and thus sounds in habeas corpus. *Hill v. McDonough,* 547 U.S. 573, 579-81 (2006). Petitioner's claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus. Thus, a § 2241 habeas petition is not the proper vehicle for raising her claims, and this Court lacks jurisdiction to consider the claims and grant the declaratory and injunctive relief requested. *See Cheek v. Warden,* No. 4:20-CV-677-P, 2020 WL 3637627, at *1 (N.D. Tex. July 1, 2020); *Ambriz v. United States,* No. 4:20-CV-568-P, 2020 WL 3066861, at *1 (N.D. Tex. Jun 5, 2020); *Provines v. Wilson,* No. 4:20-CV-475-O, 2020 WL 2762563, at *2 (N.D. Tex. May 20, 2020); *Sanchez v. Brown,* No. 3:20-CV-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020).

Furthermore, with regard to Petitioner's request to be released to home confinement, it is well settled that there is no constitutionally protected right to be confined in any particular place, including in-home confinement. *See Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer,* No. 4:10-CV-197-Y, 2010 WL 3835235, at *2, (N.D. Tex. Sept. 1, 2010), *R. & R. adopted,* 2010 WL 3835148 (N.D. Tex. Sept. 29, 2010). And, assignments to home confinement fall within the *exclusive* authority and discretion of the Bureau of Prisons (BOP).[3] *See Moore v. Atty. Gen.,* 473 F.2d 1375, 1376 (5th Cir. 1973). Petitioner acknowledges that she "is fully knowledgeable" that the

---

[3] Such designations should be pursued through ordinary channels at the BOP, which is in the best position to evaluate inmate classifications and which has enacted protocols under the CARES Act to address requests for relief based on the COVID-19 pandemic. Petitioner may also seek a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, by filing a motion in the district where she was convicted and sentenced.

authority "to assign place of confinement" and "to select who is entitle[d]" to early release to home confinement lies with the BOP, but nevertheless, asserts that "the intervention of this court is invoked when place of confinement violates constitutional rights to those incarcerated while in custody." Pet. 3, ECF No. 1. However, the Court has no authority to order the transfer of an inmate to home confinement. *See United States v. Sneed,* 63 F.3d 381, 389 n.6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the" BOP) (citing 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement").

In summary, Petitioner fails to invoke the Court's jurisdiction to consider her petition under 28 U.S.C. § 2241 or to establish an alternate independent basis for jurisdiction.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction. A certificate of appealability is DENIED.

**SO ORDERED** on this 7th day of August, 2020.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

5